UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KANDI ROSE ROBERTS, )
)
    Petitioner, ) CASE NO. C08-1568-JLR-JPD
) (CR06-42-JLR)
v. )
)
UNITED STATES OF AMERICA, ) REPORT AND RECOMMENDATION
)
    Respondent. )
_____)

## INTRODUCTION

Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. The government has filed an answer and petitioner has filed a response to the answer. Having considered the documents submitted by the parties, and the balance of the record, the court concludes, for the reasons set forth below, that petitioner's § 2255 motion should be denied.

## BACKGROUND

Petitioner pled guilty on March 14, 2007 to fraudulent use of another person's identification, wire fraud, false claims to the IRS, and related offenses. (Dkt. No. 31 in Case No. CR06-42-JLR). As part of her plea agreement, petitioner agreed to terms that subjected her under the advisory Sentencing Guidelines to a possible range of 30 to 37 months in prison. (*Id*. at 14). Prior to her sentencing, counsel for petitioner filed a sentencing memorandum in which he argued that due to issues concerning her physical and mental health, she should be sentenced to one year and a day. (Dkt. No. 40 in Case No. CR06-42-JLR at 1). To support his argument,

REPORT AND RECOMMENDATION
PAGE 1

counsel relied upon evaluations of petitioner by a physician and a psychologist. (*Id.*) Counsel characterized the psychologist's evaluation as "suggest[ing] that the crimes committed were a product of the influences that presented to her at about the time of the crimes . . . ." (Dkt. No. 40 at 4). Counsel quoted directly from the evaluation which stated that "there is little question from the available information that the defendant in this case had a history of abuse that was directly related to the crimes in question." (*Id.*)

On October 22, 2007, a sentencing hearing was held before the Honorable James L. Robart. Counsel for the government argued, among other things, that petitioner had not been honest with the psychologist who prepared the evaluation and that this dishonesty compelled the government to seek a sentence of 37 months instead of 30 months. (Dkt. No. 6, Ex. 1 at 12-13). After hearing argument from the parties, Judge Robart commented on several of the factors that influence sentencing. First, regarding the nature of the offense, Judge Robart stated that he considered the offense committed by petitioner "to be a serious one." (*Id.* at 20-21). He continued: "It was multiple acts of fraud. And perhaps as important, the circumstances of the offense include the victimization of [petitioner's] family members. And therefore, I find that [the nature of the offense] to be very serious, bearing significant weight on the sentence to be imposed." (*Id.*)

Judge Robart then addressed the history and characteristics of petitioner. Judge Robart called counsel's argument based upon petitioner's medical history "very effective" and stated that he did not agree with the government's argument that petitioner had lied to the psychologist. (*Id.* at 22). However, Judge Robart also observed that petitioner had not been deterred in the past by time spent in prison and that she displayed a tendency "to blame everyone but herself for what happens." (*Id.* at 21). After considering all the appropriate factors, Judge Robart imposed a sentence at the low end of the range, 30 months in prison, followed by 5 years of supervised release. (*Id.* at 23).

Petitioner did not file a direct appeal. On October 23, 2008, petitioner filed the instant

motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. (Dkt. No. 1). On October 28, 2008 this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules MJR 3 and 4. (Dkt. No. 4). The government filed an answer to petitioner's § 2255 motion on December 4, 2008. (Dkt. No. 6). Petitioner filed a response to the answer on December 22, 2008. (Dkt. No. 7). The matter is now ready for review.

## DISCUSSION

In her § 2255 motion, petitioner raises a single claim for relief based upon ineffective assistance of counsel. (Dkt. No. 1 at 5). Petitioner argues that she received constitutionally ineffective assistance of counsel because counsel's use of the psychologist's evaluation at sentencing prompted the government to seek a higher sentence. In order to prevail on such a claim, petitioner must establish two elements. First, she must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984). Second, she must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner fails to establish either element under *Strickland*. First, petitioner fails to show that counsel's performance was deficient. Judge Robart specifically noted that counsel's argument regarding petitioner's medical history was "very effective." (Dkt. No. 6, Ex. 1 at 22). Second, petitioner fails to satisfy the "prejudice" element of *Strickland*. While the transcript of the sentencing hearing reflects that counsel's use of the psychological evaluation did prompt the government to ask for a higher sentence, Judge Robart was not persuaded by the government and imposed a sentence *lower* than the government requested. Therefore, petitioner was not harmed by counsel's allegedly improper use of the psychologist's evaluation. Accordingly, her sole claim based upon ineffective assistance of counsel should be denied.

REPORT AND RECOMMENDATION
PAGE 3

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence should be denied. Because the files and records in this case conclusively show that petitioner's motion is without merit, no evidentiary hearing is required. *See Baumann v. United States*, 693 F.2d 565, 570-71 (9th Cir. 1982). A proposed Order is attached.

DATED this 17th day of February, 2009.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge